Filed 10/12/23  P. v. Kim CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KWANGSON KIM,<br><br>        Defendant and Appellant. | A166661<br><br>(Alameda County<br>Super. Ct. No. 18CR008553) |

Defendant Kwangson Kim was convicted by a jury of one count of continuous sexual abuse of a child and four counts of lewd acts upon a child, after a trial which included testimony from a prosecution expert regarding child sexual abuse accommodation syndrome (CSAAS).  His only argument is that the trial court erred in giving the portion of CALCRIM No. 1193 regarding CSAAS evidence telling the jury that they could consider that evidence "in evaluating the believability of [the alleged victim's] testimony." We affirm.

**BACKGROUND**

On August 4, 2022, the Alameda County District Attorney filed a first amended information charging Kim with continuous sexual abuse of Jane Doe, a child under the age of 14 years (Pen. Code, § 288.5, subd. (a))[1]

_____

[1] Further undesignated statutory references are to the Penal Code.

1

(count 1), committed between November 8, 2014 and November 7, 2016, with six counts of lewd acts upon Jane Doe (§ 288, subds. (a), (c)(1)) during various specific timeframes (counts 2–7), and with one count of sexual penetration with a foreign object (§ 289, subd. (i)) on January 27, 2018 (count 8), all including allegations that the victim was particularly vulnerable, and that Kim took advantage of a position of trust or confidence to commit the offense (§ 1170, subd. (b); Cal. Rules of Court, rules 4.421(a)(3) & (a)(11)).

Trial took place in August of 2022. Jane Doe testified that she took golf lessons from Kim over the course of several years, and that he touched her inappropriately multiple times between the fall of 2014, when she was 11 years old, and January of 2018. The jury also heard the testimony of Melinda Doe and Katie Doe, who also took golf lessons from Kim and whom Kim also touched inappropriately while they were underage.

Clinical psychologist Blake Carmichael testified for the prosecution as an expert in CSAAS. Carmichael described CSAAS as an educational tool that explains certain unexpected behaviors of child victims of sexual abuse, contrary to common myths or assumptions about those victims and their behavior. The common myths include that abused children would hate their abusers, would never go back or want to go back to them, and would always show fear or disdain or sadness toward them. Carmichael testified regarding the five components of CSAAS: (1) secrecy, (2) helplessness, (3) entrapment or accommodation, (4) delayed, unconvincing, and conflicted disclosure, and (5) retraction or recanting of the disclosure. Carmichael testified generally regarding CSAAS, but he had never met Kim or any of the alleged victims in the case and was not provided any details of their allegations.

After the close of evidence, the prosecutor moved to dismiss counts 2 through 4 and the remaining counts were renumbered.

On August 29, the jury found Kim guilty of counts 1 through 4, but not guilty of count 5, sexual penetration with a foreign object.

On September 28, 2022, the trial court sentenced Kim to 14 years in state prison, consisting of a 12-year term on count 1 and consecutive terms of 8 months each for the three lewd act counts.

Kim filed a notice of appeal.

## DISCUSSION

### Additional Background

In its list of proposed jury instructions, the prosecution included CALCRIM No. 1193, "Testimony on Child Sexual Abuse Accommodation Syndrome." Defense counsel twice told the court that he had "no objection" to the proposed instructions.[2] And so the jury was instructed with CALCRIM No. 1193 as follows:

"You have heard testimony from an expert witness about child sexual abuse accommodation syndrome.

"His testimony about child sexual abuse accommodation syndrome is not evidence that the defendant committed any of the crimes charged against him, or any other crimes with which he was not charged.

"You may consider this evidence only in deciding whether the alleged victims' conduct was not inconsistent with the conduct of someone who has been molested, and in evaluating the believability of their testimony."

---

[2] Kim acknowledges that his counsel did not object to the instruction.

3

**There Was No Error In Instructing The Jury With CALCRIM No. 1193[3]**

Claims of instructional errors present questions of law, which we review de novo. (*People v. Posey* (2004) 32 Cal.4th 193, 218; accord, *People v. Cole* (2004) 33 Cal.4th 1158, 1210.) We must ascertain the relevant law and determine whether the given instruction correctly stated it. (*People v. Kelly* (1992) 1 Cal.4th 495, 525–526.) The challenged instruction is viewed "in the context of the instructions as a whole and the trial record to determine whether there is a reasonable likelihood the jury applied the instruction in an impermissible manner." (*People v. Houston* (2012) 54 Cal.4th 1186, 1229.)

"It is well settled that expert testimony concerning CSAAS only may be used to disabuse the jury of commonly held misconceptions regarding the behavior of abuse victims, and may not be used to corroborate the victim's claims of abuse." (*People v. Housely* (1992) 6 Cal.App.4th 947, 957; see *People v. Bowker* (1988) 203 Cal.App.3d 385, 390–394.) Kim argues that the portion of the instruction providing that the jury may consider CSAAS evidence "in evaluating the believability of [the alleged victim's] testimony" is erroneous because it "affirmatively invites the jury to apply the expert's testimony case-specifically to evaluate the believably of an alleged victim who testified at trial."

_____

[3] The Attorney General argues that Kim has forfeited his argument regarding CALCRIM No. 1193 by failing to object to the instruction below. " 'Generally, a party may not complain on appeal that an instruction correct in law and responsive to the evidence was too general or incomplete unless the party has requested appropriate clarifying or amplifying language.' [Citation.] But that rule does not apply when . . . the trial court gives an instruction that is an incorrect statement of the law. [Citations.]" (*People v. Hudson* (2006) 38 Cal.4th 1002, 1011–1012.) Because we conclude that Kim's argument is without merit, we need not resolve whether he has forfeited it.

As Kim acknowledges, his argument has been considered and rejected in *People v. Gonzales* (2017) 16 Cal.App.5th 494 (*Gonzales*), review denied January 24, 2018, S245736, with this explanation:

"CSAAS expert testimony is not admissible to prove the complaining witness has in fact been sexually abused. (*People v. McAlpin* (1991) 53 Cal.3d 1289, 1300.) It is admissible to rehabilitate such witness's credibility when the defendant suggests that the child's conduct after the incident is inconsistent with her testimony claiming molestation. (*Ibid*.) Such testimony is needed to disabuse jurors of commonly held misconceptions of child sexual abuse and the abused child's seemingly self-impeaching behavior. (*Id*. at p. 1301.)

"Gonzales argues the instruction is inconsistent. It states that the CSAAS testimony is not evidence the defendant committed the charged crimes, and also that the jury may use the evidence in evaluating the believability of [the victim]'s testimony. Gonzales argues it is impossible to use the CSAAS testimony to evaluate the believability of [the victim]'s testimony without using it as proof that Gonzales committed the charged crimes.

"But the instruction must be understood in the context of [the expert]'s testimony. [The expert] testified that CSAAS is not a tool to help diagnose whether a child has actually been abused. [The expert] said that if it is not known whether a child has been abused, CSAAS is not helpful in determining whether a child has, in fact, been abused. The purpose of CSAAS is to understand a child's reactions when they have been abused.

"A reasonable juror would understand CALCRIM No. 1193 to mean that the jury can use [the expert]'s testimony to conclude that [the victim]'s behavior does not mean she lied when she said she was abused. The jury also

5

would understand it cannot use [the expert]'s testimony to conclude [the victim] was, in fact, molested. The CSAAS evidence simply neutralizes the victim's apparently self-impeaching behavior. Thus, under CALCRIM No. 1193, a juror who believes [the expert]'s testimony will find both that [the victim]'s apparently self-impeaching behavior does not affect her believability one way or the other, and that the CSAAS evidence does not show she had been molested. There is no conflict in the instruction." (*Gonzales*, *supra*, 16 Cal.App.5th at pp. 503–504.)

Kim does not offer any reason that *Gonzales* was wrongly decided, but simply asserts, without argument or authority, that his view of the instruction is the "correct approach." We are not persuaded. And since *Gonzales*, at least two more published cases have rejected Kim's argument. (See *People v. Munch* (2020) 52 Cal.App.5th 464, 474 [relying on *Gonzalez* to reject argument that "instructing jurors that they may use [CSAAS evidence] 'in evaluating the believability' of the child's testimony means they will improperly use it to find the defendant is guilty"]; *People v. Lapenias* (2021) 67 Cal.App.5th 162, 176 [agreeing with *Gonzalez* and *Munch* and "similarly hold[ing] [CALCRIM No. 1193] accurately instructs the jury on the law: the proper use—and the proper limitations on the use—of CSAAS evidence"].) We agree with these cases, and for the reasons given in *Gonzales*, conclude that CALCRIM No. 1193 does not erroneously permit the jury to use an expert's testimony case-specifically to conclude that the alleged victim was in fact abused.

Furthermore, "in the context of the instructions as a whole and the trial record," we do not find any "reasonable likelihood the jury applied the instruction in an impermissible manner." (*People v. Houston*, *supra*, 54 Cal.4th at p. 1229.) The instruction itself told the jury that Carmichael's

6

"testimony about child sexual abuse accommodation syndrome is not evidence that the defendant committed any of the crimes charged against him." Carmichael acknowledged that he had never met or spoken to Kim or the alleged victims in the case. On cross-examination, Carmichael testified that he was not "applying [CSAAS] to a specific case," "wouldn't make the determination" whether what the alleged victims said was true, and "couldn't make [the] judgment" whether Kim was a perpetrator, all of which decisions were the "purview of the jury." And in closing, the prosecutor reiterated that he was not "asking [Carmichael] to diagnosis [*sic*] anybody," or to "say that they were abused or not," but instead had offered Carmichael's testimony as "educational" and helpful in clearing up "common misconception[s]." Defense counsel argued to the jury that Carmichael "doesn't know anything about" and "had no personal knowledge of anything" in the case, never talked to Kim or any of the alleged victims, and did not provide "helpful testimony for what you need to do back there." Under these circumstances, we find no reasonable likelihood that the jury applied CALCRIM No. 1193 in an impermissible manner, and we reject Kim's argument of error.

## DISPOSITION

The judgment is affirmed.

_____

Richman, J.


We concur:


_____

Stewart, P.J.


_____

Markman, J. *


*People v. Kim* (A166661)

*Superior Court of Alameda County, Judge Michael Markman, sitting as assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8